UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20116-CR-MORENO(s)

UNITED STATES OF AMERICA

    Plaintiff,

    v.

MATTHEW FERGUSON,

    Defendant.

_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   Enclosed, please find copies of CD-R discs which contain recordings of conversations had by the defendant. Attached, please find a copy of any written statements made by the defendant. Any statements made by the defendant are contained in the attached reports.

      2.   That portion of the written record currently in the government's possession that contains the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached hereto, but not filed with the Court. Please note that this is a summary of the defendant's statements and not a verbatim account.

      3.   The defendant did not testify before the Grand Jury.

      4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

      5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief,

or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Fort Lauderdale, Florida, Suite 700. Please call the undersigned to schedule a mutually convenient date and time to conduct the inspection.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

As a courtesy to defense counsel, items that could be easily photocopied are attached hereto but not filed with the Court.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

Laboratory analysis reports regarding the drugs in connection with this case are attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as

|     | |
| --- | --- |
|     | all statements disclosed herein or in any future discovery letter, may be offered in the trial of this case, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I.  | The defendant was an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. Transcripts and copies of the conversations have been provided with this discovery response. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case. |
| K.  | No controlled substance is involved in this indictment. The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this superseding indictment to allow independent chemical analysis of such sample. |
|     | If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
|     | The government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial, if any, pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications |
| O.  | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.  | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

DATE: See Indictment
TIME:
LOCATION:

The attachment to this response is One CD-R which contains documents labeled 1-1750. Please contact the undersigned Assistant United States Attorney if any pages are missing.

    Respectfully submitted,
    WIFREDO A. FERRER
    UNITED STATES ATTORNEY

By:  */s/ Richard O.I. Brown*
    Richard O.I. Brown
    Assistant United States Attorney
    Admin. Bar No. A5500257
    U.S. Attorney's Office - SDFL
    500 E. Broward Boulevard
    Suite # 700
    Fort Lauderdale, Florida 33394
    Telephone: (954) 660-5779
    Facsimile: (954) 356-7180
    Email: Richard.Brown@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via Federal Express mail this 20th day of March, 2014 to all counsel of record.

/s/ Richard O. I. Brown
Assistant United States Attorney