**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. : 12-20226-CR-MORENO(s)**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.**

**MATTHEW FERGUSON,**

**Defendant.**

______________________________/

**PLEA AGREEMENT**

The United States of America and MATTHEW FERGUSON (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 2 of the superseding indictment, which count charges that the defendant with conspiracy to possess with intent to distribute five (5) or more kilograms of cocaine, in violation of Title 21, United States Code, Section 846.

2. The United States agrees to seek dismissal of Count 1 of the superseding indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office,

which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the court must impose a minimum term of imprisonment of ten (10) years and may impose a statutory maximum term of LIFE imprisonment, followed by a term of supervised release of at least five (5) years and a maximum of LIFE. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $4,000,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by:

(a) Providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding;

(b) Appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.

9. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

(a) Quantity of narcotics: That the quantity of controlled substance (cocaine powder) involved in the offense, for purpose of Section 2D1.1 (c) of the Sentencing Guidelines is at least 15 kilograms, but less than 50 kilograms, of cocaine.

(b) Overall guideline range: The Base Offense Level under all of the circumstances of the offense(s) committed by the defendant is 34.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from *the advisory sentence* calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced from

the advisory sentence suggested by the Sentencing Guidelines. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motions and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned.

11. The defendant understands and acknowledges that the Court is under no obligation to grant the motions referred to in paragraph 10 of this agreement should the government exercise its discretion to file any such motion. The defendant also understands and acknowledges that the Court is under no obligation to reduce the defendant's sentence because of the defendant's cooperation.

12. Defendant upon conviction conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of Title 21, United States Code, Section 846, as set forth in Count 2 of the Superseding Indictment, further agrees to forfeit to the United States voluntarily and immediately any property, real or personal, which constitutes or is derived from proceeds traceable to such violation and any and all property used or intended to be used in any manner or part to commit or facilitate the commission of such violation, pursuant to Title 21, United States Code, Section 853, specifically, a money judgment in the amount of $1,325,000.00 in U.S. currency, representing the amount of proceeds obtained by him and his co-conspirators from the narcotics offenses charged in Count 2 of the superseding indictment. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, 982(b)(1) and Title 28, United States Code, Section 2461(c). All pursuant to the provisions of Title 21, United States Code, Section 853.

13. Defendant agrees to waive notification about any forfeiture proceedings, whether administrative or judicial and agrees to waive any statute of limitation considerations.

14. Defendant further agrees to waive any constitutional challenges to the forfeiture, including any challenges under the Eighth Amendment to the United States Constitution.

15. Furthermore, defendant agrees to execute any other document necessary to transfer to the United States of America all rights, title, and interest in the above-described property.

16. Defendant, and by these presents does for his heirs, statutory survivors, executors, administrators, personal representatives, successors and assignees, hereby release and forever discharge the United States of America, it agencies, and their employees, agents or assigns from any claims arising from the forfeiture and disposition of the defendant's property in connection with the events that form the basis of this case.

17. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on

defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture count of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

18. Furthermore, defendant agrees that this Court retains jurisdiction over this matter for any violation of the terms of this agreement.

19. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

20. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was made knowingly and voluntarily.

21. This is the entire agreement and understanding between the Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5/6/14 By: [signature]
RICHARD O.I. BROWN
ASSISTANT UNITED STATES ATTORNEY

Date: 5/6/14 By: [signature]
CHRISTY O'CONNOR
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 5/6/14 By: [signature]
MATTHEW FERGUSON
DEFENDANT